IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BILLY TYLER, | ) | |
| | ) | |
| Plaintiff, | ) | 4:17CV3057 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| JUDGE GILBRIDE, DOUGLAS | ) | **AND ORDER** |
| PETERSON, RYAN POST, and | ) | |
| DAVID LOPEZ, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Billy Tyler filed this case on May 8, 2017, and was granted leave to proceed in forma pauperis on May 31, 2017. The court now conducts an initial review of Plaintiff's Complaint (Filing No. 1) to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

While not entirely clear, Plaintiff's Complaint and incomplete attachment (Filing No. 1) appear to allege that defendants Nebraska Attorney General Douglas Peterson and Assistant Attorneys General Ryan Post and David Lopez violated Plaintiff's First Amendment rights by "pursu[ing]" him for engaging in the unauthorized practice of law by giving legal advice to, and drafting or filing legal documents on behalf of, other persons. Plaintiff alleges that he has a First Amendment right to "freely talk[] . . . [and] walk[] through the Douglas County Courthouse . . . with whomever we please whilst discoursing on any subject we please . . . ."

Plaintiff also names as a defendant Judge Gilbride, but his Complaint does not contain any allegations as to the judge. However, Plaintiff's later-filed Motion for Temporary Restraining Order and Preliminary Injunctive Relief (Filing No. 6) alleges

that Plaintiff appeared before Judge Gilbride, a state district court judge, in a show-cause hearing regarding Plaintiff's "walking thru Douglas County Courthouse helping other persons complete legal documents, giving verbal instructions to other persons regarding legal documents . . . ."

A search of Nebraska state-court electronic records confirms that state district court judge Mary C. Gilbride issued an injunction against Plaintiff on November 5, 2015, prohibiting him from engaging in the unauthorized practice of law; defendants Peterson, Post, and Lopez filed a Motion for Order to Show Cause against Plaintiff in the District Court of Douglas County, Nebraska, on February 9, 2017, seeking to hold Plaintiff in contempt for the "willful disobedience of the injunction issued November 5, 2015"; Plaintiff filed a notice of appeal with the Nebraska Court of Appeals before a hearing on the Motion for Order to Show Cause was held; and Tyler's appeal is still pending. *See State of Nebraska v. Billy R. Tyler*, Case No. CI 15-6725 (Neb. Dist. Ct. of Douglas County); *State v. Billy Roy Tyler*, A-17-524 (Neb. Ct. App.).

Plaintiff only requests injunctive relief. (Filing No. 6.)

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Summary dismissal of Plaintiff's Complaint is appropriate for at least two reasons.

### A. *Rooker-Feldman* Doctrine

To the extent Plaintiff's claim can be construed as challenging the 2015 injunction prohibiting Plaintiff from engaging in the unauthorized practice of law, the *Rooker-Feldman* doctrine requires that this case be dismissed for lack of subject-matter jurisdiction.

This doctrine provides that, with the exception of habeas corpus petitions, lower federal courts lack subject-matter jurisdiction over challenges to state court judgments or to review claims that are inextricably intertwined with state court decisions. *Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005). *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). Specifically, the doctrine "bars federal courts from hearing cases brought by the losing parties in state court proceedings alleging 'injury caused by the state-court judgment and

seeking review and rejection of that judgment.'" *Mosby*, 418 at 931 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)). In this case, a Nebraska state court has entered an injunction prohibiting Plaintiff's unauthorized practice of law, which Plaintiff now appears to challenge on First Amendment grounds. Under such circumstances, the *Rooker-Feldman* doctrine deprives this court of subject-matter jurisdiction over Plaintiff's claim. *Riehm v. Engelking*, 538 F.3d 952, 965 (8th Cir. 2008) ("If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, *Rooker-Feldman* bars subject matter jurisdiction in federal district court." (internal quotation marks and citation omitted)).

### B. *Younger* Abstention

Alternatively, and to the extent any portion of Plaintiff's Complaint could survive the jurisdictional bar of the *Rooker-Feldman* doctrine, *Younger* abstention is warranted. Under the *Younger* abstention doctrine, abstention is mandatory where: (1) there is an ongoing state proceeding; (2) an important state interest is implicated; and (3) the plaintiff has an avenue open for review of constitutional claims in the state court. *Younger v. Harris*, 401 U.S. 37 (1971); *see Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004) ("Under *Younger v. Harris*, [] federal courts should abstain from exercising jurisdiction in cases where equitable relief would interfere with pending state proceedings in a way that offends principles of comity and federalism").

Here, each of the *Younger* conditions is satisfied. The proceedings in the District Court for Douglas County for Plaintiff's alleged violation of the state-issued 2015 injunction are ongoing, including what appears to be the premature appeal of that matter to the Nebraska Court of Appeals. Second, challenges to the unauthorized practice of law in Nebraska further important state interests. *Tyler v. Coffey*, No. 8:14CV209, Filing 8, at CM/ECF pp. 7-8 (D. Neb. Dec. 11, 2014) ("Nebraska has an important obligation to regulate individuals who practice law within Nebraska"). Finally, there is no indication that the state courts could not afford Plaintiff the

4

opportunity for judicial review of his civil rights challenges. *Carson P. ex rel. Foreman v. Heineman*, 240 F.R.D. 456, 529 (D. Neb. 2007) ("'federal court oversight of state court operations, even if not framed as direct review of state court judgments' . . . is problematic, calling for *Younger* abstention. . . . The relief that the plaintiffs seek would interfere extensively with the ongoing state proceedings for each plaintiff." (quoting *31 Foster Children v. Bush*, 329 F.3d 1255, 1278-1279 (11th Cir. 2003)).

Therefore, *Younger* dictates that this court abstain from deciding Plaintiff's federal constitutional claim, and dismiss this matter without prejudice. *Anderson v. Schultz*, 871 F.2d 762, 766 (8th Cir. 1989) (dismissal without prejudice is appropriate when district court abstains under *Younger*).

For the foregoing reasons, the court will dismiss this action without granting Plaintiff the opportunity to file an amended complaint because it is apparent that such amendment would be futile due to the fundamental jurisdictional and abstention issues involved here.

## C. Caution to Plaintiff

The court notes that its conclusion in this case is consistent with past decisions involving the same type of injunction, but different defendants. Plaintiff may recall that he filed a lawsuit in this court in 2015 challenging the same state-court injunction involved in this case, and Plaintiff's 2015 case was dismissed on *Rooker-Feldman* grounds, among others. *Tyler v. Gilbride*, No. 8:15CV462, 2016 WL 1555704 (D. Neb. Apr. 15, 2016). Further, this court has abstained from exercising jurisdiction over Plaintiff's past challenges to the state district court's enforcement of a civil injunction entered against Plaintiff in the Nebraska Supreme Court.[1]

---

[1]In *State ex rel. Com'n on Unauthorized Practice of Law v. Tyler*, 811 N.W.2d 678, 682 (Neb. 2012), the Nebraska Supreme Court determined that Tyler is a

5

> The court recognizes that Nebraska has an important obligation to regulate individuals who practice law within Nebraska. *See Middlesex Cnty. Ethics Comm. v. Garden State Bar Assn.*, 457 U.S. 423, 432 (1982). Tyler has filed several cases in this court requesting relief from Nebraska's regulation of his unauthorized practice of law. In each case, the court has abstained from exercising jurisdiction over his claims under *Younger v. Harris*, 401 U.S. 37 (1971), and *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 432 (1982). (*See* Case No. 8:13CV13, Filing No. 6; Case No. 8:12CV94, Filing No. 8 (aff'd Filing No. 16); Case No. 8:12CV277, Filing No. 7 (aff'd Filing No. 14).)

*Tyler v. Coffey*, No. 8:14CV209, Filing 8, at CM/ECF pp. 7-8 (D. Neb. Dec. 11, 2014) (outlining Plaintiff's consistent abuse of the judicial process in both state and federal courts).

In light of Plaintiff's numerous and unsuccessful previous lawsuits challenging the existence or enforcement of the aforementioned state-court-issued injunctions prohibiting Plaintiff from engaging in the unauthorized practice of law, Plaintiff is advised that should he file future lawsuits in this court challenging such injunctions, the court may consider the imposition of sanctions. *Bauer v. Lauth*, No. 4:16-CV-410 CAS, 2016 WL 6679846, at *6 (E.D. Mo. Nov. 14, 2016) (noting that pro se parties are subject to Rule 11 sanctions and barring pro se plaintiffs from filing any further pleadings in federal district court that related to state foreclosure proceedings without prior approval of federal district court); *Luther v. Am. Nat'l Bank of Minnesota*, No. CV 13-184, 2013 WL 12073798, at *16 (D. Minn. Aug. 21, 2013), *aff'd sub nom. Luther v. Am. Nat. Bank of Minnesota*, 563 F. App'x 503 (8th Cir. 2014) ("the Court

---

nonlawyer who has repeatedly engaged in the unauthorized practice of law. The court enjoined Tyler "from engaging in the unauthorized practice of law in any manner, including but not limited to . . . giving advice or counsel to another entity . . . [and] selecting, drafting, or completing, for another entity or person, legal documents which affect the legal rights of the entity or person." *Id*. at 741-42.

strongly cautions [the pro se] Plaintiff that further efforts to file a new lawsuit in this Court attempting to again raise claims against these Defendants related in any way to those previously resolved in favor of Defendants may very well subject Plaintiff to significant future Rule 11 monetary sanctions from this Court"); *Beaner v. United States*, 361 F. Supp. 2d 1063, 1068 (D.S.D. 2005) (plaintiff's pro se status does not insulate plaintiff from the reach of Rule 11 sanctions).

Accordingly,

IT IS ORDERED:

1. Plaintiff's Complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2);

2. Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunctive Relief (Filing No. 6) is denied as moot; and

3. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 8th day of June, 2017.

BY THE COURT:
s/ *Richard G. Kopf*
Senior United States District Judge